## Wobensmith v. Marston

*S. D. Einhorn,* for plaintiff.

*G. L. Arnhold,* for defendant.

FLOOD, J., May 4, 1954.—On November 21, 1949, plaintiff, Edward J. Wobensmith, entered into an agreement of partnership with Thomas J. McFarland, under which he became a one-third partner in a taxicab business previously owned by McFarland. Pursuant to the partnership agreement, application was made to the Pennsylvania Utility Commission for transfer of the taxicab business of Thomas J. McFarland to a partnership consisting of McFarland and plaintiff. On April 27, 1950, the Pennsylvania Utility Commission approved the transfer and approved operation of the business by the partnership. Thereafter, until November 27, 1953, when McFarland died, plaintiff and McFarland continued to operate the taxicab business as a partnership. Under McFarland's will M. Randall

Marston was named as executor of his estate. The will, which was dated June 11, 1947, provided that the executor should sell McFarland's taxicab business and included a power of attorney setting forth that the taxicab business should be managed by one Joseph Marciano. Plaintiff, upon learning of McFarland's death, proceeded to liquidate the business as surviving partner. The executor has questioned his right to do so, and this petition is brought to determine who has the right to liquidate.

The right of plaintiff to wind up the partnership affairs seems clear: Uniform Partnership Act of March 26, 1915, P. L. 18, sec. 97, 59 PS §99. This gives a surviving partner the right to wind up the affairs unless (1) the partnership agreement provides otherwise, or (2) the partnership has been wrongfully dissolved. Neither of those limiting conditions has occurred here, and so plaintiff's right is clear. It could not be limited by a unilateral act of his former partner such as a contrary provision in his will, even if that will had been executed after the partnership agreement.

Defendant relies upon a regulation of the Public Utility Commission to the effect that upon the death of a certificate holder, the rights conferred by the certificate shall continue with his legal representative for one year after which they shall terminate. This does not seem to us to affect the matter. The question before us is not the operation of the business, but its winding-up. Obviously, since the regulation has reference to carrying on the business it could not apply to a partnership. The Public Utility Commission could not force an unwilling management partner on plaintiff (Uniform Partnership Act, supra, sec. 18(g), 59 PS §51(g)) nor give the executor any right even in the partnership property: Id., sec. 25(d), 59 PS

§72(d). We conclude that the regulation does not apply and could not validly apply to the death of a partner when the partnership holds the certificate, and therefore has no effect upon the situation before us.

Defendant asks us to direct plaintiff to pay over at once two thirds of all assets in the hands of the partnership on the date of McFarland's death. This would be a most disorderly way to wind up the partnership affairs and we have no legal warrant for making such an order.

Defendant also asks that plaintiff be ordered to account for the profits of the business since McFarland's death and to make monthly accountings thereafter until the sale. Of course, defendant has a right to these profits (Uniform Partnership Act, supra, §42, 59 PS §104) and to an accounting: Id. §43, 59 PS §105. But he has not set forth that he has asked for an accounting, and it may be that an orderly liquidation would deprive defendant of any immediate right to the payment of profits at this time. There are not sufficient facts set forth by him to warrant the order he asks at this time. If plaintiff fails in his duty as a fiduciary in winding up the business, the equity court is open to defendant.

Defendant also asks that no sale be permitted without the written consent of the executor and that the price received be placed in escrow. Defendant has pointed to no authortiy in the law for such an order. We know of no such limitation on the surviving partner's right to wind up under the Uniform Partnership Act or otherwise.

### Decree

And now, May 4, 1954, it is ordered and decreed that plaintiff Edward J. Wobensmith, as the surviving

partner of the partnership entered into between him and Thomas McFarland on November 21, 1949, has the sole right to wind up the affairs of the partnership, and in connection therewith to sell and dispose of its taxicab business and any of its other assets.